The order below is hereby signed.

Signed: March 31, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
DAWN YOLANDA MIXON,                  )   Case No. 09-00237
                                     )   (Chapter 7)
            Debtor.                  )   **Not for Publication in**
                                     )   **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DENYING
REQUEST FOR EXIGENT CIRCUMSTANCES WAIVER AND
TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED

On exhibit D of the voluntary petition, the debtor has requested a temporary waiver of the prepetition credit counseling requirement based upon exigent circumstances (Docket Entry No. 2). The debtor's summary of exigent circumstances states that although the debtor previously obtained credit counseling and thought she could use the related certificate to satisfy the credit counseling requirement, upon filing this case she found that the counseling was taken too long ago. For reasons explained in more detail below, the court will deny the debtor's request for waiver.

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing

that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within five days of the request, and (iii) the court finds good cause to grant the waiver.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

The debtor's summary of exigent circumstances does not state valid grounds for waiver and the debtor's request for a temporary waiver of the prepetition credit counseling requirement must be denied accordingly.  Although the debtor's mistaken belief that an outdated certificate would satisfy the prepetition credit counseling requirement may have been made in good faith, it does not constitute an exigent circumstance within the meaning of

2

§ 109(h)(3)(B) and the Bankruptcy Code does not provide for waiver of the counseling requirement based upon a debtor's mistaken belief that she has obtained the necessary counseling prior to the filing of the petition.

Even if the debtor had described a valid exigent circumstance that would support her request for waiver, she has not provided the court with any information regarding her prepetition request or requests to obtain credit counseling and why she was unable to obtain the counseling within five days of requesting such services, and the court would be unable to grant the debtor's request for a temporary waiver without such information. The debtor's explanation that she did not learn that her credit counseling was outdated until she filed her case suggests that the debtor did not request additional counseling during the days immediately preceding the filing of the instant case, as required to qualify for an exigent circumstances waiver. It is unnecessary to resolve this issue, however, because the request for waiver can be denied on other grounds.

The debtor having failed to state exigent circumstances that would justify a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h), it is

ORDERED that the debtor's request for a temporary waiver of the prepetition credit counseling requirement is DENIED. It is further

ORDERED that within 10 days after entry of this order the debtor shall show cause, if any she has, why this case ought not be dismissed based upon the debtor's ineligibility to be a debtor pursuant to 11 U.S.C. § 109(h).

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee.